*C. Brown* and *F. W. Hankey* for defendant.

---

## Z. PAAKIKI *v.* B. OWAANUI.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED DECEMBER 3, 1901.        DECIDED JANUARY 2, 1902..

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An exception to the ruling of a trial court sustaining an objection to the admission of relevant and competent testimony, when not clearly harmless error, should be sustained and a new trial ordered..

OPINION OF THE COURT BY GALBRAITH, J.

This was an action in ejectment. The plaintiff claimed title from the patentee of the land and the evidence showed a paper title in him. The defendant relied on a paper title and on adverse possession for the statutory period. A trial was had to a

jury and a verdict returned for the defendant. The plaintiff saved a number of exceptions during the course of the trial but only pressed one on the attention of this court and we assume the others have been abandoned. The exception relied on is to the ruling of the trial court in sustaining an objection to a deed offered in evidence by the plaintiff and preserved in the record as "Exhibit E." This was a deed from the patentee of the premises in dispute to one Kaaialii, dated March 11, 1881. Prior to the offer of this deed the plaintiff had introduced in evidence without objection a deed from the patentee to plaintiff's grantors, dated May 16, 1877. It is claimed by the plaintiff that the rejected deed had been recorded prior to the one introduced in evidence and that it was the former and not the latter that conveyed title.

This deed was relevant and competent testimony. It was one of the links in the chain of title set out in the plaintiff's petition. The legal effect of the deed as evidence was a question of law for the court to determine and cover in the instructions to the jury. It is very probable that the exclusion of this deed would have been harmless error, as the plaintiff had shown a paper title without it, provided the jury had been instructed that the plaintiff had established a paper title to the land in dispute and that they should find a verdict for him unless they found that the defendant and those under whom he claimed had been in the open and notorious adverse possession of the land for the time prescribed by the statute of limitation. The jury were not so instructed. We cannot say that the exclusion of this deed was harmless error and must order a new trial.

The exceptions are sustained.

*J. A. Magoon* and *T. I. Dillon* for plaintiff.

*Smith & Parsons* for defendant.